## Voorhies *vs* Gore.

EJECTMENT.

### APPEAL FROM THE GENERAL COURT.

*Powers of Attorney. Conveyances. Authentication.*

Case 140.

JUDGE MARSHALL delivered the opinion of the Court.

June 2.

IT seems to this Court, that the General Court erred in excluding the certified copy of the deed from Mallory, by Morton, as his attorney in fact. The power, it is true, was not acknowledged and recorded in the Court of the County in which it was made, as prescribed by the act of 1792, and was not sufficiently authenticated to be admitted to record in this State. But the only consequence

A power of attorney to convey land, though not recorded in the Court of the county in which it is made, as prescribed by the act of 1792—and though not sufficiently authenti-

VOORHIES
vs
GORE.

cated to be admitted to record in this state, or support a deed made under it as a recorded instrument, may nevertheless be otherwise proved, and the deed made under it, and show that the title has passed as to all except creditors and purchasers.

A power of attorney, bearing date 45 years ago, of ancient appearance, produced from the office where deposited for record within 3 months from its date, & then actually recorded, and a deed purporting to be made under such power, acknowledged and recorded in the same office about the same time, constitute *prima facie*, and (in the absence of countervailing circumstances) sufficient proof of the due execution of the power and the deed.

The authority of a clerk to receive the acknowledgment of one making a deed professedly under a power of attorney, does not depend upon the validity of the power or the sufficiency of its authentication.

of this defect was, that it was not effectual to support the deed as a recorded instrument against creditors or subsequent purchasers. If actually executed by the grantor, it authorized the execution of a deed passing his title to the grantee; and though neither the power nor the deed had been recorded, they might both be otherwise proved, so as to constitute, as against all the world, except creditors and purchasers, sufficient evidence of the transmission of the grantor's title.

In this case the power of attorney being dated more than forty-five years before the trial, being, as may be inferred, ancient in its appearance, and having been produced by the Clerk, from among the papers of the office in which it had been deposited for record, within three months after its date, and in which it had been then actually admitted to record, and a deed purporting to have been executed in pursuance of it, having also been recorded in the same office, about the same time, these circumstances must be regarded as constituting *prima facie* evidence, and in the absence of all countervailing testimony, sufficient proof of its actual execution by Mallory. And as the deed, purporting to have been executed by the attorney under said power, was within due time acknowledged and recorded in the proper office, as is proved by the attested copy of the deed and certificate of acknowledgment, taken from the record book; we are of opinion that said attested copy of the deed and certificate was competent evidence of the acknowledgment, and therefore, of the execution of the deed by the attorney.

The authority of the Clerk to take and certify the acknowledgment of the attorney, and to record the deed upon such acknowledgment, depended in no degree upon the sufficiency of the power or of its authentication, nor upon the sufficiency of the deed to pass the title. These were questions of law which he was not bound or authorized to decide. He was empowered, in a proper case, to receive and perpetuate evidence of facts; and the presentation of this deed for acknowledgment and record, by the person by whom, as attorney, it had been sealed and delivered, within the time prescribed by law, made

a proper case for the action of the Clerk in taking and certifying the acknowledgment.

The sufficiency of the deed to pass the title of Mallory depends upon the questions whether Mallory executed the power to Morton ; whether Morton executed the deed as his attorney, and whether the power authorizes the conveyance of the land described in the deed. The question of the execution of the deed, as a mere fact, is wholly independent of the question of the execution of the power. The execution of the one may be proved by evidence entirely different from that by which the execution of the other is established. That Morton was authorized to execute the deed in the name of Mallory, can be proved only by proving the power. That he did execute it in the name of Mallory, and professing to be his attorney, is a fact, to the proof of which neither the proof nor the existence of the power is necessary. And it is of this fact, without regard to the proof or existence of the power, that the Clerk is, in our opinion, authorized to take proof by witnesses or by the acknowledgment of the person sealing the deed as attorney—and upon receiving such proof, within proper time, to make certificate thereof and admit the deed to record, if his be the proper office. And if the deed be thus acknowledged, certified and recorded within the time prescribed, we do not doubt that the Clerk's certificate of these facts is just as good evidence of the truth of the facts certified, and therefore of the execution of the deed by the person professing to have executed it, as attorney, in case there be no proof of the power, as it would be if he had, at the same time, received and recorded the power upon proper evidence of its execution. It follows, also, from the same principles, that the attested copy from the record of such a deed, so acknowledged and certified, is just as good proof that the original was executed by the party certified to have acknowledged it, as the original itself would be, with the Clerk's certificate of its acknowledgment and admission to record upon it.

So far then as proof of the execution of the original deed, of which this purports to be an attested copy from the record, was material in this case, this copy was ad-

*The sufficiency of a deed made under power of attorney, to pass title, depends upon the terms of the power, its execution, and the execution of the deed under the power—the execution of the deed and the execution of the power are distinct and independent facts, & may be differently proved, and if the deed be proved or acknowledged and recorded in proper time, a certified copy is evidence.*

missible and competent evidence, because with its certi-
ficate it proved the execution of the original. As the
power of attorney to the party who seems to have execu-
ted the deed was proved, proof that the deed was in
fact executed by him was material in making out title,
if the power authorized the attorney to convey the land
in controversy; and as, upon comparing the power with
the patent to Mallory, and with the deed, and with the
facts and localities referred to in these instruments, there
is a sufficient presumption that the power authorized the
conveyance of this land; it follows that the exclusion of
the said attested copy of the deed from Mallory, by Mor-
ton to Craig, was erroneous.

Wherefore, the judgment is reversed and the cause re-
manded for a new trial.

*Owsley & Goodloe* for appellant: *Hewitt and Morehead
& Reed* for appellee.